1  Boris Treyzon, Esq. (SBN 188893)
   (btreyzon@actslaw.com)
2  Douglas R. Rochen, Esq. (SBN 217231)
   (drochen@actslaw.com)
3  Sara A. McClain, Esq. (SBN 268429)
   (smcclain@actslaw.com)
4  **ABIR COHEN TREYZON SALO, LLP**
   1901 Avenue of the Stars, Suite 935
5  Los Angeles, CA 90067
   Telephone: (424) 288-4367
6  Facsimile: (424) 288-4368

7  Attorneys for Plaintiffs
   WINSTAR PROPERTIES, LLC and
8  MANHATTAN MANOR, LLC.

9  Matthew S. Foy, Bar No. 187238
   (mfoy@gordonrees.com)
10 Margret G. Parke, Bar No. 126120
   (mparke@gordonrees.com)
11 GORDON & REES LLP
   633 West Fifth Street 52ND Floor
12 Los Angeles, California 90071
   (213) 576-5000/FAX (213) 680-4470

13 Attorneys for Defendants
   EVANSTON INSURANCE COMPANY,
14 MARKEL SERVICE, INC., MARKEL WEST, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WINSTAR PROPERTIES, LLC, a limited liability company; and MANHATTAN MANOR, LLC, a California Limited Liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EVANSTON INSURANCE COMPANY, an Illinois corporation; MARKEL SERVICE, INC., a Virginia corporation; MARKEL WEST, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-09989-JFW-KS<br><br>**JOINT STATEMENT OF COUNSEL FOLLOWING LOCAL RULE 7-3 CONFERENCE RE: PLAINTIFFS' MOTION TO REMAND UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

Plaintiffs WINSTAR PROPERTIES, LLC ("Winstar") and MANHATTAN MANOR, LLC ("Manhattan Manor") (collectively, "Plaintiffs") and defendants EVANSTON INSURANCE COMPANY ("Evanston"), MARKEL SERVICE, INC. ("Markel Service"), and MARKEL WEST, INC. ("Markel West") (collectively, "Defendants") respectfully submit the following Joint Statement pursuant to Local Rule 7-3 in connection with Plaintiffs' Motion to Remand:

1. Defendants removed this action from Los Angeles County Superior Court to the Central District. Plaintiffs are seeking remand based on lack of diversity among the parties.

2. On December 20, 2018, counsel for Plaintiffs, Sara A. McClain of the law firm Abir Cohen Treyzon Salo LLP, and counsel for Defendants, Margret G. Parke of the law firm Gordon Rees Scully Mansukhani, LLP, met in person to meet and confer regarding Plaintiffs' Motion to Remand in accordance with Judge Walter's standing order. This meeting took place at the Century City offices of Plaintiffs' counsel, located at 1901 Avenue of the Stars, Suite 935, Los Angeles, California, 90067. Lead counsel for Defendants, Matthew S. Foy, participated in the meet and confer meeting by telephone. Lead counsel for Plaintiffs, Boris Treyzon, also participated in the meeting. The meeting began at 11:00 a.m. and ended at 1:20 p.m. During the meeting, counsel for the parties discussed Defendants' Motions to Dismiss as well as the Motion to Remand that Plaintiffs will be filing.

3. Prior to the meeting, Plaintiffs' counsel sent a lengthy email to Defendants' counsel outlining Plaintiffs' argument in support of its Motion to Remand, including a discussion of applicable law and facts.

4. The central issue for Plaintiffs' Motion to Remand is whether the non-diverse defendant, Markel West, is properly joined as a defendant.

5. Plaintiffs contend that the non-diverse defendant, Markel West, is properly joined as a defendant. Plaintiffs contend they have alleged sufficient facts

indicating the probability of liability against Markel West for breach of contract, bad faith, violation of Business and Professions Code § 17200, and negligent misrepresentation against an individual adjuster.  Moreover, if given leave to amend, Plaintiffs could allege additional facts supporting the causes of action against Markel West.

6. Plaintiffs contend there is sufficient evidence in the policy and the allegations to establish the potential for liability against Markel West for breach of contract, bad faith, and UCL violations based on a joint venture theory of liability.

7. Markel West denies being a joint venture with the other defendants. Markel West disputes any liability in connection with Plaintiffs' claims for breach of contract or breach of the implied covenant of good faith and fair dealing because they are not parties to the at-issue insurance policy.  Plaintiffs contend, however, that Markel West can be liable for breach of contract and breach of the implied covenant based on a joint enterprise theory.  Markel West disputes Plaintiffs' position in this regard based on California law, the at-issue insurance policy issued by Evanston, and the relationship between Evanston and Markel West.  Despite a thorough discussion of Plaintiffs' complaint and allegations, the case law, and the facts, counsel for the parties were unable to resolve their respective positions with respect to Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

8. Markel West also disputes any liability in connection with Plaintiffs' claim for violation of Business & Professions Code section 17200.  Counsel for the parties thoroughly discussed their respective positions regarding the merits of this claim based on Plaintiffs' allegations and California law and were unable to resolve their respective positions with respect to this claim.

9. Plaintiffs contend Markel West is liable for negligent misrepresentation based on states Markel West made to Plaintiffs regarding coverage under the

insurance policy and that sufficient allegations are pled in the complaint to support liability for this cause of action. Plaintiffs primarily rely on the holding of *Bock v. Hansen,* 225 Cal.App.4th 215, 228 (2014) which permits an insured to maintain a cause of action for negligent misrepresentation against an adjuster for misrepresentations regarding coverage. Markel West disputes any liability in connection with Plaintiffs' claim for negligent misrepresentation. It is the position of Markel West that it faces no liability in connection with Plaintiffs' claim under California law in light of the fact that they provide claims administration or claims adjustment services and owe no duty under California law. All Defendants maintain that Plaintiffs have not and cannot allege the elements necessary to state a claim for negligent misrepresentation with the specificity required under California law. Counsel for the parties thoroughly discussed Plaintiffs' allegations relating to their negligent misrepresentation claim, and applicable California law, and were unable to resolve their respective positions with respect to this claim.

10. As a result of their different positions, counsel for the parties were unable to resolve the issues raised in Plaintiffs' Motion to Remand and were otherwise unable to resolve the issues raised by Plaintiffs in their complaint.

///

///

///

11. In light of the foregoing, Plaintiffs intend to file a motion to remand this action to state court and will do so in accordance with the Court's Order of December 7, 2018, on or before December 31, 2018.

Dated: December 24, 2018  **ABIR COHEN TREYZON SALO, LLP**

By: */s/ Boris Treyzon*
───────────────────────
Boris Treyzon
Douglas R. Rochen
Sara A. McClain
Attorneys for Plaintiffs
WINSTAR PROPERTIES, LLC and
MANHATTAN MANOR. LLC.

Dated: December 24, 2018  **GORDON & REESE LLP**

By: */s/ Matthew S. Foy*
───────────────────────
Matthew S. Foy
Margret G. Parke
Attorneys for Defendants
EVANSTON INSURANCE COMPANY, MARKEL SERVICE, INC.. and MARKEL WEST. INC.

## **ATTESTATION OF E-FILED SIGNATURES**

I, Matthew S. Foy, am the ECF user whose ID and password are being used to file this Joint Report RE Meet and Confer. In compliance with Local Rule 5-4.3(a)(2)(i), I hereby attest that Boris Trevzon, attorney for plaintiffs Winstar Properties, LLC and Manhattan Manor, LLC, has concurred in this filing.

Dated: December 24, 2018  */s/ Matthew S. Foy*
Matthew S. Foy