Boris Treyzon, Bar, No. 188893
btrevzpm@acts.com
Douglas R. Rochen, Bar No. 217231
drochen@actslaw.com
Sara A. McClain, Bar No. 268429
smcclain@actslaw.com
ABIR COHEN TREYZON SALO LLP
1901 Avenue of the Star, Suite 935
Los Angeles, California 90067
(424) 288-4367/FAX (424) 288-4368
Attorneys for Plaintiffs
WINSTAR PROPERTIES, LLC,
MANHATTAN MANOR, LLC.


Matthew S. Foy, Bar No. 187238
mfoy@grsm.com
Margret G. Parke, Bar No. 126120
mparke@grsm.com
GORDON & REES LLP
633 West Fifth Street 52ND Floor
Los Angeles, California 90071
(213) 576-5000/FAX (213) 680-4470
Attorneys for Defendants
EVANSTON INSURANCE COMPANY,
MARKEL SERVICE, INC., MARKEL WEST, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTAR PROPERTIES, LLC, a limited liability company; and MANHATTAN MANOR, LLC, a California Limited Liability company, <br><br> Plaintiffs, <br><br> v. <br><br> EVANSTON INSURANCE COMPANY, an Illinois corporation; MARKEL SERVICE, INC., a Virginia corporation; MARKEL WEST, INC., a California corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 2:18-cv-09989 JFW (KSx) <br><br> **JOINT REPORT ON EARLY MEETING OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)** <br><br><br> TRIAL DATE: None set |

JOINT REPORT

Plaintiffs WINSTAR PROPERTIES, LLC ("Winstar") and MANHATTAN MANOR, LLC ("Manhattan Manor) (collectively, "Plaintiffs") and defendants EVANSTON INSURANCE COMPANY ("Evanston"), MARKEL SERVICE, INC. ("Markel Service") and MARKEL WEST, INC. ("Markel West") (collectively, "Defendants") respectfully submit the following as their Joint Report of the Federal Rule of Civil Procedure ("FRCP") 26(f) early meeting and proposed discovery plan. The Parties' Joint Report includes the items requested in FRCP 26(f) and Local Rule 26-1.

The Parties conducted the first of several Rule 26(f) meetings on Monday, December 17, 2018, via teleconference. Participants at the meeting were Sara McClain, counsel for Plaintiffs, and Margret Parke, counsel for the Defendants. Counsel conferred again in person on Thursday, December 20, 2018 and have conferred via electronic mail and telephone several times thereafter.

**1.**    **Subject Matter Jurisdiction, Personal Jurisdiction, Venue and Service**

Defendants removed this action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The Notice of Removal was based, in part, on the fraudulent joinder of defendant Markel West.

Plaintiffs dispute diversity exists and are filing a Motion to Remand the case to state court.

**2.**    **Statement of Facts and Disputed Facts**

This is an insurance coverage dispute arising out of claims asserted against Plaintiffs in an underlying lawsuit entitled *Adela Hernandez et al. v. Winstar Properties, Inc., et al.*, U.S.D.C. Central District of California, Case No. 2-16-cv-04697-ODW-KS (the "Underlying Action"). In the Underlying Action, Plaintiffs were sued under the Federal Fair Housing Act by tenants of residential apartment units located in a building owed by Manhattan Manor and managed by Winstar.

Defendant Evanston Insurance Company ("Evanston") issued a liability policy to Winstar and participated in the defense of Winstar and Manhattan

1    Manor under that policy in connection with the Underlying Action. The
2    Underlying Lawsuit ultimately settled after trial resulted in a jury verdict against
3    Plaintiffs. While Evanston participated in the defense of Plaintiffs in the
4    Underlying Action, it contested any duty to defend and indemnify under the
5    policy and Plaintiffs allege they funded the post-trial settlement.

6          Plaintiffs contend that the claims alleged and damages sought in the
7    Underlying Action were covered under the Evanston policy. Alternatively,
8    Plaintiffs contend that by Defendants' conduct, Evanston has waived or is
9    estopped for disclaiming coverage for the Underlying Action. Plaintiffs has
10   asserted causes of action against Defendants for Breach of Contract, Breach of
11   the Implied Covenant of Good Faith and Fair Dealing, Violation of Insurance
12   Code section 17200 et seq., and Negligent Misrepresentation.

13         Defendants dispute Plaintiffs' contentions and maintain, *inter alia*, that the
14   allegations and claims in the Underlying Action were neither covered nor
15   potentially covered under the Evanston policy issued to Winstar. Defendants
16   further maintain that the doctrines of the waiver or estoppel do not apply here
17   and do not operate to create coverage under the Evanston policy where none
18   exists.

19   **3.    <u>Disputed Points of Law</u>**

20         The basic disputed issues of law in this case involve whether the claims
21   asserted in the Underlying Action are covered or potentially covered under the
22   Evanston policy issued to Winstar as required to trigger Evanston's duty to
23   defend or duty to indemnify Plaintiffs, and whether Evanston, by its conduct and
24   Plaintiffs' detrimental reliance thereon, is estopped from denying coverage.

25         Plaintiffs contend that Evanston owed a duty to defend and indemnify
26   Plaintiffs in connection with the Underlying Action. The operative pleading in
27   the Underlying Action alleged Plaintiffs' legally permissibly practice of issuing
28   rent increases caused a disparate impact on tenants who were members of a

protected class, and therefore, amounted to discrimination in violation of 42 U.S.C. §§ 3604(a)-(b). Plaintiffs contend such claims are actually and expressly covered under the terms of the Policy. Plaintiffs in the Underlying Action sought economic and non-economic compensatory damages, as well as attorneys' fees and costs, which Plaintiffs contend are actually and expressly covered under the terms of the Policy. Accordingly, Defendants allegedly were obligated under the Policy to defend Plaintiffs, make reasonable efforts to settle the Underlying Action, and accept reasonable settlement demands within the limits of the Policy so as to avoid exposing Plaintiffs to personal liability vis a vis an excess judgment. An insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy." <u>Gray v. Zurich Ins. Co</u>., 65 Cal.2d 263, 275 (1966) (emphasis in original).

Plaintiffs contend Defendants breached the duty to indemnify by failing to make reasonable efforts to settle the Underlying Action, and accept reasonable settlement demands within the limits of the Policy. As a result of this alleged failure, Plaintiffs were exposed personal liability vis a vis an excess judgment. Plaintiffs contend they were later forced to fund a settlement of the Underlying Action because Defendants agreed to pay $100,000 on behalf of Plaintiffs to settle the case, but only if Plaintiffs signed a full waiver and release of any all claims against Defendants relating to the Underlying Action, including any claims for breach of contract or bad faith. Defendants also threatened to initiate litigation against Plaintiffs to recover amounts incurred in defending Plaintiffs in the Underlying Action if Plaintiffs did not agree to the waiver and release. Based on this conduct, Plaintiffs allege Defendants are liable for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair business practices under Business & Professions Code section 17200. The implied covenant of good faith and fair dealing obligates the insurer to accept reasonable settlement demands within policy limits in order to avoid exposing its insured to

1  personal liability in excess of those limits. Comunale v. Traders & Gen. Ins. Co.
2  50 Cal.2d 654, 659 (1958).

3      Moreover, Plaintiffs contend Defendants waived the right to contest
4  coverage by failing to properly reserve the right to deny coverage. "If a liability
5  insurer, with knowledge of a ground of forfeiture or noncoverage under the
6  policy, assumes and conducts the defense of an action brought against the
7  insured, without disclaiming liability and giving notice of its reservation of
8  rights, it is thereafter precluded in an action upon the policy from setting up such
9  ground of forfeiture or noncoverage." Miller v. Elite Ins. Co., 100 Cal.App.3d
10 739, 755 (1980); see DeWitt v. Monterey Ins. Co. (2012) 204 Cal.App.4th 233,
11 245-246.

12     Plaintiffs further contend that Defendants, and in particular Markel West,
13 are liable for negligent misrepresentation for repeatedly representing to Plaintiffs
14 that they were both covered under the policy. Bock v. Hansen, 225 Cal.App.4th
15 215, 228 (2014).

16     Evanston contends that it did not owe a duty to defend and does not owe a
17 duty to indemnify Plaintiffs in the Underlying Action including because (1)
18 Manhattan Manor is not an insured under the Evanston policy; (2) under the
19 terms of the insuring agreement in the Evanston policy, coverage only applies,
20 *inter alia*, if "[t]he entirety of the **Wrongful Discrimination** happens during the
21 **Policy Period** or on or after the **Retroactive Date** stated in Item 4. of the
22 Declarations and before the end of the **Policy Period**" and this requirement is not
23 satisfied by the Underlying Action (3) under the terms of the insuring agreement
24 in the Evanston policy, coverage only applies to a Claim first made against the
25 Insured during the Policy Period and timely reported and only if, prior to the
26 inception of the Policy, "the **Insured** had no knowledge of such **Wrongful**
27 **Discrimination** or any fact, circumstance, situation or incident which may have
28 led a reasonable person in the **Insured's** position to conclude that a **Claim** was

likely" and these requirements are not satisfied; and (4) Plaintiffs failed to provide timely notice of the Underlying Lawsuit pursuant to the "Claim Reporting Provision" of the Evanston policy. Additionally, Defendants dispute that Markel Service and Markel West, who are not parties to the insurance contract, can be liable for breach of the insurance policy or breach of the implied covenant of good faith and fair dealing. *Otworth v. Southern Pac. Transp. Co.*, 166 Cal.App.3d 452, 458 (1985); *Gutierrez v. State Farm Mutual Ins. Co*., 2012 U.S. Dist. LEXIS 14789 (N.D. Cal. 2012); *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999).

Markel Service and Markel West, as the alleged claims adjuster and/or claims administrator for Evanston in connection with the Evanston policy, also dispute Plaintiffs' claim that they were part of a joint venture with Evanston.

Evanston, Markel West, and Markel Service dispute any liability in connection with Plaintiffs' claim for violation of Business & Professions Code section 17200 because the injunctive relief sought by Plaintiffs in this cause of action is not available where, as here, there is an adequate remedy at law. *Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan*, 150 Cal.App.4th 1487, 1497 (2007); *Heighley v. J.C. Penney Life Ins. Co.*, 257 F.Supp.2d 1241, 1259-1260 (C.D. Cal. 2003). Additionally, Plaintiffs have not pled that "irreparable injury" will result if an injunction is not ordered. *Brownfield v. Daniel Freeman Marina Hospital,* 208 Cal.App.3d 405, 410 (1989). Further, Plaintiffs' section 17200 claim and request for injunctive relief fail because, contrary to settled law, the only claims asserted by Plaintiffs in their complaint are premised on alleged wrongful conduct that has already occurred. *Madrid v. Perot Systems Corp.,*130 Cal.App.4th 440, 465 (2005).

Evanston, Markel West, and Markel Service dispute any liability in connection with Plaintiffs' claim for negligent misrepresentation. Markel Service and Markel West face no liability in connection with this claim under California

law as they owe no duty to Plaintiffs. *Friedman v. Merck & Co.*, 107 Cal.App.4th 454, 477 (2003); *Feizbakhsh v. Travelers Commer. Ins. Co.*, 2016 U.S. Dist. LEXIS 123471 (C.D. Cal. 2016). Further, all Defendants maintain that Plaintiffs have not and cannot allege the elements necessary to state a claim for negligent misrepresentation with the specificity required under California law. Finally, Plaintiffs' allegations that Evanston breached an insurance contract cannot form the basis of a claim for negligent misrepresentation. *Harlow v. American Equitable Ins. Co*., 87 Cal.App.28, 32 (1927); *see also Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).

In addition to the foregoing, Defendants maintain that Plaintiffs' reliance on the doctrines of waiver or estoppel do not create coverage under the Evanston policy issued to Winstar where none exists for the Underlying Action. *Advanced Network, Inc. v. Peerless Ins. Co.*, 190 Cal.App.4th 1054, 1066 (2010), citing *Aetna Casualty & Surety Co. v. Richmond*, 76 Cal.App.3d 645, 653 (1977); *Miller v. Elite Ins. Co.*, 100 Cal.App.3d 739, 755 (1980). Additionally, there is no waiver in this case as Evanston did not intentionally relinquish a known right with knowledge of the facts. *Ringler Associates Ins. v. Maryland Casualty Co*., 80 Cal.App.4th 1165, 1188 (2000). Further, Plaintiffs cannot meet their burden to establish estoppel. *Ringler, supra*, 80 Cal.App.4th at p. 1190, citing *State Farm Fire & Casualty Co. v. Jioras*, 24 Cal.App.4th 1619, 1627-1628 (1994).

**4.** **Prior, Pending, and Anticipated Motions**

Currently pending before the Court are the Motions to Dismiss filed by Evanston, Markel Service, and Markel West, and Plaintiffs' Motion to Remand. All of these Motions have been noticed for hearing on January 28, 2019. Should Defendants' motions not result in dismissal of Markel Service and Markel West, and the Court denies Plaintiffs' Motion to Remand, the parties anticipate filing summary judgment motions regarding the (1) question of Evanston's duty to defend and indemnify under the Evanston policy; and (2) if coverage is not

owed, whether Evanston is estopped or deemed to have waived the right to contest coverage under the Evanston policy for the Underlying Action.

**5.**     **Status of Pleadings and Amendment or Dismissal of Any Pleadings**

Plaintiffs do not anticipate any amendments to the complaint, or dismissal of any parties, subject to the outcome on Defendants' Motions to Dismiss.

**6.**     **Initial FRCP Rule 26 Disclosures**

Both parties will timely exchange the FRCP Rule 26(f) initial disclosures. The disclosures will identify all of the witnesses and documents currently known to support the parties' respective allegations and contentions.

**7.**     **Proposed Discovery Plan**

No discovery has been conducted to date. Following the Court's rulings on Defendants' Motions to Dismiss and Plaintiffs' Motion to Remand, the parties will undertake initial written discovery and exchange of documents, followed by depositions if oral testimony is necessary

**8.**     **Related Cases**

The underlying tenant discrimination action titled *Adela Hernandez et al. v. Winstar Properties, Inc., et al*., U.S.D.C. Central District of California, Case No. 2-16-cv-04697-ODW-KS. Additionally, Evanston filed a separate action in the Central District against Winstar and Manhattan Manor seeking, *inter alia*, declarations relating to insurance coverage under the policy issued to Winstar for the Underlying Action, titled *Evanston Insurance Company v. Winstar Properties, Inc., et al.,* U.S.D.C. Case No. 2:18-cv-7740-R-KES. This action is currently pending before the Honorable Manuel L. Real.

**9.**     **Relief Sought in Complaint**

Plaintiffs seek the following damages against Defendants:

- $1.3 million representing the amount Plaintiffs were forced to pay to settle the Underlying Action;

- Interest accruing on line of credit Plaintiffs were forced to take out to fund

the settlement;

- Attorneys' fees in excess of $200,000 for hiring counsel to represent Manhattan Manor at the second trial and for negotiating the settlement of the Underlying Action;

- Attorneys' fees incurred in prosecuting the bad faith action pursuant to <u>Brandt v. Superior Court</u>, 37 Cal.App.3d 813 (1985)

- Attorneys' fees and costs incurred in defending Defendants' declaratory relief action filed against Plaintiffs in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Injunction prohibiting Defendants from further engaging in unlawful, unfair or fraudulent business acts and practices within the State of California

**10.** <u>**Interested Parties**</u>

Defendants complied with Local Rule 7.1-1 by filing their respective Certification and Notice of Interested Parties. (Doc. #3.) Plaintiffs will file their certification concurrent with the filing of this report. Pursuant to Defendants' Certification and Notice of Interested Parties, the following listed parties may have a pecuniary interest in the outcome of this case: Winstar Properties, LLC; Manhattan Manor, LLC; and Evanston Insurance Company, a subsidiary of Markel Corporation.

**11.** <u>**Proposed Cut-Off and Trial Related Dates**</u>

The parties propose August 30, 2019 as the last date for the completion of discovery and November 1, 2019 as the last date for hearing motions for summary judgment. The parties propose December 6, 2019 for the final pre-trial conference and a January 21, 2020 trial date.

**12.** <u>**Jury or Non-Jury Trial and Trial Length Estimates**</u>

Plaintiffs demand a jury trial. The parties estimate trial will be approximately 7 days.

**13.**   **Settlement Efforts and ADR Selection**

The parties have informally discussed settlement possibilities, but that effort has so far been unsuccessful. Pursuant to Local Rules 16-15.4 and 26-1(c), the parties elect ADR Local Rule 16-15.4 Procedure No. 3 (appearance before a private mediator).

**14.**   **Complex Manual**

Pursuant to Local Rule 26-1(a), the parties agree that the Manual for Complex Litigation does not need to be utilized for this action.

**15.**   **Dispositive Motions**

Likely future motions are discussed in Item 4 above.

**16.**   **Unusual Legal Issues**

The parties are currently unaware of any unusual legal issues requiring consideration.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**17.** **Proposals Regarding Severance, Bifurcation or Other Ordering of Proof**

**Local Rule 26-1(e)** – Likelihood of Additional Parties

The parties do not currently anticipate any additional parties.

**Local Rule 26-1(f)** – Disclosure of Expert Witnesses and Testimony

The parties propose that expert witness disclosures pursuant to FRCP Rule 26(a)(2) shall be completed 90 days before trial, with rebuttal expert disclosures completed 30 days after the other party's disclosure.

Lead trial counsel for the parties, Boris Treyzon (btreyzon@acts.com) for Plaintiffs and Matthew S. Foy (mfoy@grsm.com) for Defendants are registered ECF Users.

Dated: December 26, 2018         **ABIR COHEN TREYZON SALO, LLP**

By: _____
         Boris Treyzon, Esq.
         Douglas R. Rochen, Esq.
         Sara A. McClain, Esq.
         Attorneys for Plaintiffs
         **WINSTAR PROPERTIES, LLC and MANHATTAN MANOR, LLC.**

Dated: December 26, 2018         **GORDON & REESE LLP**

By: _/s/ Matthew S. Foy, Esq.___
         Matthew S. Foy, Esq.
         Margret G. Parke, Esq.
         Attorneys for Defendants
         **EVANSTON INSURANCE COMPANY, MARKEL SERVICE, INC., and MARKEL WEST, INC.**

JOINT REPORT