# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

Case No.  **CV 18-9989-JFW(KSx)**                                   Date: January 16, 2019

Title:  Winstar Properties, LLC., et al. -v- Evanston Insurance Company, et al.

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING AS MOOT DEFENDANT EVANSTON INSURANCE COMPANY'S MOTION TO DISMISS THE THIRD AND FOURTH CAUSES OF ACTION IN PLAINTIFFS' COMPLAINT FRCP 12(b)(6)) [filed 12/27/18; Docket No. 22];**

**ORDER DENYING AS MOOT DEFENDANTS MARKEL SERVICE INC.'S AND MARKET WEST INC.'S MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT (FRCP 12(b)(6)) [filed 12/27/18; Docket No. 23]; and**

**ORDER GRANTING PLAINTIFF WINSTAR PROPERTIES, LLC AND MANHATTAN MANOR, LLC'S MOTION TO REMAND UNDER 28 U.S.C. § 1441(b)(2) (DIVERSITY) [filed 12/28/18; Docket No. 26]**

   On December 27, 2018, Defendant Evanston Insurance Company ("Evanston") filed a Motion to Dismiss the Third and Fourth Causes of Action in Plaintiff's Complaint ("Motion to Dismiss").  On January 7, 2019, Plaintiffs Winstar Properties, LLC ("Winstar") and Manhattan Manor, LLC ("Manhattan") (collectively, "Plaintiffs") filed their Opposition.  On January 14, 2019, Evanston filed a Reply.  On December 27, 2018, Defendants Markel Service, Inc. ("Markel Service") and Markel West, Inc. ("Markel West") (collectively, the "Markel Defendants") filed a Motion to Dismiss Plaintiffs' Complaint (FRCP 12(b)(6)) ("Motion to Dismiss").  On January 7, 2019, Plaintiffs filed their Opposition.  On January 14, 2019, the Markel Defendants filed a Reply.  On December 28, 2018, Plaintiffs filed a Motion to Remand Under 28 U.S.C. § 1441(b)(2) (Diversity) ("Motion to Remand").  On January 7, 2019, Evanston and the Markel Defendants (collectively, "Defendants") filed their Opposition.  On January 14, 2019, Plaintiffs filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for January 28, 2019 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.      **Factual and Procedural Background**

On October 19, 2018, Plaintiffs Winstar Properties, LLC and Manhattan Manor, LLC (collectively, "Plaintiffs") filed a Complaint against Defendants Evanston Insurance Company ("Evanston"), Markel Service, Inc. ("Markel Service"), and Markel West, Inc. ("Markel West") (collectively, "Defendants") in Los Angeles Superior Court, alleging claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Business & Professions Code Section 17200, *et seq.*; and (4) negligent misrepresentation. On November 29, 2018, Defendants filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). In the Notice of Removal, Defendants allege that diversity jurisdiction exists because although Plaintiffs and Defendant Markel West are citizens of California, Defendant Markel West's citizenship should be ignored because it has been fraudulently joined.

II.     **Legal Standard**

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The parties agree that the Court lacks diversity jurisdiction over this action. However, they disagree as to whether the Court has federal subject matter jurisdiction.

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). The existence of federal jurisdiction depends solely on a plaintiff's claims for relief and the plaintiff can choose not to plead independent federal claims to avoid removal to federal court. *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1113–14. However, an exception to the "well-pleaded complaint" rule exists where a federal statute "wholly displaces the state-law cause of action through complete pre-emption[.]" *Davila*, 542 U.S. at 207. "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3)

federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 498 F.3d 1031, 1039 (9th Cir. 2007).

### III. Discussion

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although Plaintiffs and Markel West are citizens of California, Defendants contend that Markel West has been fraudulently joined, and, thus, its presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

In this case, Plaintiffs allege that Markel West is liable for breach of contract, bad faith, and violation of California Business & Professions Code, § 17200 based on joint venture theory of liability. Plaintiffs also allege a direct claim for negligent misrepresentation against Markel West. Specifically, Plaintiffs allege that Defendants entered into agreement whereby Markel Service and Markel West agreed to provide claim management or other services relating to policies issued by Evanston, including Plaintiffs' Policy, and that under these agreements, Defendants agreed to share in the profits resulting from their operations.

Defendants argue that Plaintiffs' allegations of joint venture liability are insufficient. Although Defendants acknowledge that the court in *Forest v. Equitable Life Assurance Society of U.S.*, 2001

WL 1338809 (N.D. Cal. June 12, 2001), held that it was possible for a third party administrator to be held liable for bad faith on a joint venture theory, Defendants argue that Plaintiffs' allegations are merely conclusory and do not rise to the level of specificity required for Plaintiffs to maintain their claims. Opposition, 13:15-16. The Court disagrees and concludes that Defendants' argument regarding the sufficiency of Plaintiffs' allegations are better raised in a demurrer or motion to dismiss rather than a notice of removal.[1] *See, e.g., Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend"). In addition, with respect to Plaintiffs' negligent misrepresentation claim against Markel West, "a cause of action for negligent misrepresentation can lie against an insurance adjuster" (*Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014)), and the Court concludes that Defendants' arguments regarding the sufficiency of this claim are also better raised in a demurrer or motion to dismiss.

Therefore, the Court concludes that Defendants have not met their heavy burden of demonstrating, under settled law of California, that Markel West was fraudulently joined. Accordingly, the Court cannot disregard Markel West's citizenship, and, thus, this Court lacks subject matter jurisdiction over this action. *See, e.g., Mariano v. United Parcel Service, Inc.*, 2013 WL 3795709 (S.D. Cal. July 18, 2013) (remanding action to San Diego Superior Court because scope and application of managerial privilege under California law was unclear, and any deficiencies in allegations in the plaintiff's complaint could possibly be cured by amendment).

## IV.     Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED,** and this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). In light of the remand of this action, Evanston's Motion to Dismiss and the Markel Defendants' Motion to Dismiss are **DENIED as moot**.

IT IS SO ORDERED.

---

[1] Although Markel Service and Markel West have filed a Motion to Dismiss, the Court must decide the Motion to Remand first because subject matter jurisdiction is a "threshold matter" which a court must determine before proceeding to the merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *see also* Fed. R. Civ. Pro. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action").